**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONICO J. QUIROGA, III., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>GANG & NARCOTICS TASK FORCES, <br><br>　　　　Defendant. | Case No.: 1:20-cv-00627-SAB (PC) <br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION <br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* BE DENIED <br><br>[ECF No. 4] |

　　　Plaintiff Monica J. Quiroga, III is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　On April 30, 2020, this action was transferred from the United States District Court for the Northern District of California.  Plaintiff's motion to proceed in forma pauperis is pending review. (ECF No. 4.)

**I.**

**LEGAL STANDARD**

　　　The Prison Litigation Reform Act of 1995 ("PLRA") was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011).  28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action . . . under this section if the

1

prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Therefore, if a prisoner has incurred three or more "strikes" (*i.e.*, three or more cases that were dismissed on the grounds that the cases were frivolous, malicious, or failed to state a claim upon which relief may be granted) before filing a new civil action, the prisoner is precluded from proceeding *in forma pauperis* in the new civil action unless the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007); see Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (explaining that, to qualify for the imminent danger exception under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[]").

## II.

## DISCUSSION

Initially, the Court finds that Plaintiff has incurred three or more "strikes" under § 1915(g) prior to filing the instant civil action. The Court take judicial notice of the following United States District Court cases[1]: (1) Quiroga v. Aguilar, et al., No. 1:15-cv-01202-LJO-MSJ (E.D. Cal.) (dismissed on August 18, 2016, for failure to state a claim); (2) Quiroga v. Food Services, No. 1:15-cv-01203-EPG (E.D. Cal.) (dismissed on August 23, 2016, for failure to state a claim); (3) Quiroga v. Youngblood, et al., No. 1:17-cv-00002-DAD-BAM (E.D. Cal.) (dismissed on October 31, 2017, for failure to state a claim); and (4) Quiroga v. Youngblood, et al., No. 1:17-cv-00859-DAD-SKO (E.D. Cal.) (dismissed on January 31, 2019, as frivolous and failure to pay filing fee). Therefore, Plaintiff's application to proceed *in forma pauperis* must be denied unless his complaint makes a plausible

---

[1] The Court takes judicial notice of these cases pursuant to Federal Rule of Evidence 201(b)(2). See United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005); U.S. el rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

allegation that he faced "imminent danger of serious physical injury" at the time that he filed his complaint on January 14, 2020.  Andrews, 493 F.3d at 1053-56.

In his complaint, Plaintiff alleges in incoherent terms that he is being invaded by some type of technology by various individuals and/or agencies.  Plaintiff has clearly not pled any allegations demonstrating that he faced imminent danger of serious physical injury at the time Plaintiff filed his complaint.  Andrews, 493 F.3d at 1056-57; see White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998) (stating that "vague and utterly conclusory assertions" of harm are insufficient to establish imminent danger of serious physical harm under § 1915(g)).  Therefore, since Plaintiff has not satisfied the imminent danger exception to three-strikes rule of § 1915(g), Plaintiff's application to proceed *in forma pauperis* must be denied.  If Plaintiff wishes to proceed with this action, Plaintiff must pre-pay the $400.00 filing fee in full.

### III.

### ORDER AND RECOMMENDATIONS

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 4), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ordered to pay the $400.00 filing fee in full in order to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson

v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 4, 2020**

UNITED STATES MAGISTRATE JUDGE